# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  Case Nos. 12-10145-01-JTM (Criminal)
                                              16-1242-JTM (Civil)

SAMUEL BARRIOS,

    Defendant.

## MEMORANDUM AND ORDER

This case is before the court on defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Dkt. 28) and the government's motion to dismiss (Dkt. 34). Defendant claims that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior state conviction for battery against a law enforcement officer no longer qualifies as a predicate crime of violence, and in turn prevents enhancement of the base offense level under U.S.S.G. § 2L1.2(b)(1). For the reasons set forth below, the court dismisses defendant's motion and grants the government's motion.

Defendant was convicted of illegal reentry after previously being deported under 8 U.S.C. §§ 1326(a) and (b). Under the applicable sentencing guidelines, the base offense level for unlawfully entering or remaining in the United States is eight. U.S.S.G. § 2L1.2(a). If, however, "the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a crime of violence," then the base offense level is increased by either 12 or 16 levels, depending on the defendant's criminal history. *Id.*

§ 2L1.2(b)(1)(A)(ii); *United States v. Maldonado-Palma*, 839 F.3d 1244, 1246 (10th Cir. 2016), *cert. denied*, 137 S. Ct. 1214, 197 L. Ed. 2d 255 (2017).

Defendant cites *United States v. Hernandez-Lara*, 817 F.3d 651, 652–53 (9th Cir. 2016), in which the Ninth Circuit found that burglary under California Penal Code 459 was not a crime of violence under 18 U.S.C. § 16(b). *Hernandez-Lara* found that § 16(b), as incorporated in U.S.S.G. § 2L1.2(b)(1)(C), is unconstitutionally vague. *Id.*

Here, however, defendant's sentence enhancement was based on a conviction for a felony that is a crime of violence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) — not a conviction for an aggravated felony under § 2L1.2(b)(1)(C). A "crime of violence" under § 2L1.2(b)(1)(A)(ii) is defined by the commentary to the sentencing guidelines.[1] *See* U.S.S.G. § 2L1.2, cmt. 1(B)(iii). But under subsection (b)(1)(C), "aggravated felony" is given the meaning provided for in 8 U.S.C. § 1101(a)(43), which itemizes numerous offenses as well as a "crime of violence" as defined in 18 U.S.C. § 16. *See* U.S.S.G. § 2L1.2, cmt. 3(A); *see also* 8 U.S.C. § 1101(a)(43)(F). Defendant's sentence enhancement was therefore not related to the Immigration and Nationality Act's residual definition of crime of violence (8 U.S.C. § 1101(a)(43)(F); 18 U.S.C. § 16(b)) in any way, and his reliance on *Johnson* and *Hernandez-Lara* are misplaced.

Furthermore, the United States Supreme Court in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), held that the advisory sentencing guidelines are not subject to vagueness challenges under the due process clause. *Beckles* abrogated the Tenth Circuit's decision in

---

[1] The phrase "crime of violence," as defined in Application Note 1 (B)(iii), encompasses two distinct categories: one broadly defined to include any offense "that has as an element the use, attempted use, or threatened use of physical force against the person of another" ("elements clause"). The other constituted by specifically enumerated generic offenses ("enumerated offense clause").

*United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015). *Beckles*, 137 S. Ct. at 886. Other district courts addressing this issue have held that *Beckles* forecloses vagueness challenges to sentence enhancements under U.S.S.G. § 2L1.2(b)(1)(A)(ii). *See, e.g.*, *United States v. Arzabal-Carrera*, No. 214CR20022PKHMEF1, 2017 WL 1968831, at *4 (W.D. Ark. Apr. 20, 2017), *report and recommendation adopted*, No. 2:14-CR-20022-001, 2017 WL 1968678 (W.D. Ark. May 11, 2017) (discussing that *Beckles* specifically held that the advisory sentencing guidelines are not subject to vagueness challenges and therefore, "Arzabal-Carrera's *Johnson*-based argument that his enhancement under § 2L1.2(b)(1)(A) for having a prior conviction of a "crime of violence" necessarily fails[]"); *Alvarez-Herrera v. United States*, No. CR 14-00229-BRO, 2017 WL 1097173, at *7 (C.D. Cal. Mar. 23, 2017) ("The Supreme Court's decision in *Beckles* precludes Petitioner from asserting on collateral review that the Sentencing Guideline underlying his 16–point enhancement is void for vagueness."). Consequently, the court finds that no new rule or constitutional law provides defendant an avenue for relief.

A certificate of appealability is not warranted in this case because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

IT IS THEREFORE ORDERED that defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Dkt. 28) is dismissed.

IT IS FURTHER ORDERED that government's motion to dismiss (Dkt. 34) is granted.

IT IS FURTHER ORDERED that the court will not issue a certificate of appealability in this case.

Dated this 22nd day of June, 2017, at Wichita, Kansas.

       ___s/ J. Thomas Marten_____
       J. THOMAS MARTEN, JUDGE